UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ELLIOT POWELL, *et al.*,<br><br>                                Plaintiffs,<br><br>v.<br><br>MICHIGAN, STATE OF, *et al.*,<br><br>                                Defendants. | Case No. 22-10816<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

---

**REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS THE PLAINTIFF'S AMENDED COMPLAINT AND DENY AS MOOT PENDING DISPOSITIVE MOTIONS**
**[ECF NOS. 34-36, 53, 55-57]**

---

## I.      Introduction

Proceeding pro se, Plaintiffs Family of Truth Allah Trust and its agent, Michael Elliot Powell, sue various officials from the State of Michigan, Wayne County, and the City of Detroit, alleging they were unlawfully subject to the laws of the state of Michigan.  ECF No. 5.  Several defendants moved to dismiss and for summary judgment.  ECF Nos. 34-36, 53, 55-57.  The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No.

43.  The Court recommends that Powell's complaint be dismissed sua

sponte and that the pending dispositive motions be denied as moot.

## II.    Background

Powell claims to be a "non-citizen Moor Free Inhabitant native

Californian national."  ECF No. 5, PageID.149.  He calls himself the

"Registered Trust Agent…d/b/a MICHAEL ELLIOT POWELL."  *Id*.  Powell

claims that the state of Michigan and its officials discriminated against him

"without recognizing his non-citizen national origin or providing clarity of

their jurisdictional authority."  *Id*.  He alleges that Detroit police officers

arrested, searched, and charged him "with no Article III Standing" in "a

conspiracy to deprive [him] of his rights."  *Id.*  And he alleges that his

defense attorney "incompetently pled not guilty" because he "challenged

the jurisdiction of the STATE OF MICHIGAN" and did not consent to the

plea.  *Id.*, PageID.150.

Powell also challenges the jurisdiction of Detroit police officers who

issued him traffic tickets, stating that he is a "non-citizen Californian native

nonresident travler [sic] and visitor in the territory of Michigan and was on

official Express Trust private business during the time of the stop."  *Id.*,

PageID.151.  Powell seeks monetary and injunctive relief, and the

"[c]orrection of nationality status…to reflect the truth, that [he] is a native

2

Californian and not a 14th Amendment U.S. Citizen subject to the jurisdiction thereof." *Id.*, PageID.153-155.

### III. Analysis

A plaintiff must show that the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. "Questions of jurisdiction are fundamental matters" that a court should "review sua sponte." *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). A dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Powell's amended complaint should be dismissed for lack of subject matter jurisdiction sua sponte. As evidenced by his reference to himself as a Moor and his nonsensical arguments challenging the state's jurisdiction over him, Powell's amended complaint cites theories advanced by "sovereign citizens." *See Ohio v. Murrell*, No. 1:21-CV-388, 2021 WL 3510314, at *1 (S.D. Ohio Aug. 10, 2021), *adopted*, 2021 WL 3883913 (S.D. Ohio Aug. 31, 2021). "Sovereign citizens believe that they are

3

exempt from the jurisdiction of any legitimate court—state or federal—and often file legal documents to 'free themselves from the yoke of federal citizenship.'"  *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *1 (E.D. Tenn. June 28, 2019) (citing Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 830, 834 (2015)).

"Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship."  *In re Mooreese El*, No. 3:21-MC-3-BJB, 2021 WL 4594666, at *1 (W.D. Ky. Oct. 6, 2021); *see also Murrell*, 2021 WL 3510314 at *2-*3 (recommending that sovereign citizen's complaint be dismissed sua sponte for lack of subject matter jurisdiction); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous.").

In dismissing complaints sua sponte, courts have recognized that sovereign citizens' arguments are "frivolous and a waste of court resources."  *McCormack v. Hollenbach*, No. 3:18-CV-P617-RGJ, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29, 2019) (cleaned up).  And courts dismiss complaints by sovereign citizens "without extended argument as patently

4

frivolous." *See Adkins v. Kentucky*, No. 3:18-MC-26, 2018 WL 6528462, at *1 (W.D. Ky. Dec. 12, 2018) (cleaned up).  Thus, to avoid wasting court resources, Powell's complaint should be dismissed for lack of subject matter jurisdiction without the need for an extended argument.

When a court lacks subject matter jurisdiction, it has no power to render a judgment on the merits, so the complaint should be dismissed without prejudice.  *See Simpson-Vlach v. Michigan Dep't of Educ*., ___ F. Supp. 3d ___, 2022 WL 2910184, at *18 (E.D. Mich. July 22, 2022).  And the pending dispositive motions, which request dismissal with prejudice, should be denied as moot.  *Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269 (6th Cir. 1990).

## IV.    Conclusion

The Court **RECOMMENDS** that Powell's amended complaint, ECF No. 5, be **DISMISSED SUA SPONTE**, and that the pending dispositive motions, ECF Nos. 34-36, 53, 55-57, be **DENIED AS MOOT**.[1]

---

[1] The amended complaint is also deficient under Federal Rule of Civil Procedure 8(a)(2), which requires that a claim for relief include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ware v. Tennessee*, No. 17-1088-STA-EGB, 2018 WL 3199463, at *1 (W.D. Tenn. June 29, 2018) (adopting recommendation to sua sponte dismiss long, rambling, and nonsensical complaint).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 24, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

6

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2023.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager